IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

R. A. McELMURRAY, III, R. A. :
McELMURRAY, JR., RICHARD P. :
McELMURRAY, EARL D. McELMURRAY, :
                                 :
         Plaintiffs,             :
                                 : CIVIL ACTION
     v.                          :
                                 : NO. 1:05-CV-0010-RWS
UNITED STATES DEPARTMENT OF :
AGRICULTURE,                     :
                                 :
         Defendant.              :

**MEMORANDUM IN RESPONSE TO COURT ORDER DIRECTING BRIEFING
CONCERNING THE PROPER VENUE FOR THIS ACTION AND WHETHER THIS
CASE SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF GEORGIA**

COMES NOW the defendant and submits its response to the Court's
Order directing the parties to address the issue of why venue is
proper in the Northern District of Georgia and why the court should
not transfer this case to the Southern District of Georgia.

### RELEVANT FACTS

Plaintiffs have filed this action seeking judicial review
pursuant to the Administrative Procedure Act of a decision by the
United States Department of Agriculture's ("USDA") National Appeals
Division ("NAD") rendered on December 3, 2004, by Hearing Officer
James M. Jones. Plaintiffs operated a dairy and farming business in
Burke and Richmond Counties, Georgia, at least until August 22, 2000.
(Def.'s Ex. 1[1] at 2). Plaintiffs allowed the City of Augusta,
Georgia, to apply digested sewage sludge to their land from 1997 to
1990. Id. at 1-2. Plaintiffs sued Augusta in 1998, in the U.S.

---

[1]    McElmurray v. Augusta-Richmond County, No. CV198-216 (S.D. Ga.
Aug. 22, 2000)(Order granting in part summary judgment for defendants
and granting plaintiff's motion to dismiss additional claims)

District Court for the Southern District of Georgia, alleging that the sewage sludge contained excessive levels of various metals, which harmed their land and cattle. Id. at 2. Plaintiffs further filed suit against Augusta-Richmond County, as successor to the City of Augusta, in the Superior Court of Richmond County for alleged harm to their crop lands and cattle arising from the application of sewage sludge by the City of Augusta from 1979 to 1990. (Def.'s Ex. 2[2] at *1).

In addition to their civil suits against the local government, plaintiffs applied to the USDA to participate in the "Direct and Counter-Cyclical Program" ("DCP"), which was established by a provision of the Farm Security and Rural Investment Act of 2002, 7 U.S.C. § 7911, and thereby receive the income support offered to producers of eligible commodities. Their application was submitted to the McDuffie-Richmond-Columbia-Warren County Farm Services Agency ("County FSA"), which denied the application. (Complaint ¶ 6). Plaintiff's appealed the denial decision to The Georgia State Farm Services Agency Committee ("State FSA"), in Athens Georgia, which affirmed the decision of the County FSA. (Complaint ¶ 9). Plaintiff then appealed the denial decision to the NAD. (Complaint ¶¶ 10-11).

Plaintiffs received a hearing before the NAD hearing officer, which was held in Woodstock, Georgia. (Complaint). Ultimately the NAD hearing officer issued the decision denying plaintiff's appeal, which is challenged in the present suit for judicial review.

---

[2]  McElmurray v. Augusta-Richmond County, 2005 Ga. App. Lexis 752 *1 (July 11, 2005).

The USDA presented two witnesses at the hearing: Ronald Carey, and Tommy Weldon.  Mr Weldon is Agricultural Program Specialist, Farm Service Agency, and his mailing address is in Athens, Georgia. (Def.'s Ex. 3).  Mr. Carey is Chief of Staff Adjustment Section for the FSA, in Athens, Georgia.  (Def.'s Ex. 4).

During all proceedings in the administrative proceedings involving plaintiff's application for DCP payments, proceedings in the U.S. District Court, Southern District of Georgia, and proceedings before the state courts, plaintiffs have been represented by attorneys with the firm Decker, Hallman, Barber & Briggs.  That law firm has offices in Atlanta, Georgia.

## ARGUMENT AND CITATIONS OF AUTHORITY

The court's order presents two issues: (1) whether venue is proper in this district, and (2) whether the case should be transferred.  Defendant shows that venue should be transferred.

Plaintiffs have sought judicial review of a decision by the Department of Agriculture under 7 U.S.C. § 6999, which provides that "[a] final determination of the Division shall be reviewable and enforceable by any United States district court of competent jurisdiction in accordance with chapter 7 of Title 5."  The APA allows for judicial review of final federal agency decisions.[3] Specifically, Section 702 of the APA states:

> [A] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within

---

[3]     The APA allows judicial review for persons "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action," and defines "agency" as "each authority of the Government of the United States...."  5 U.S.C. s. 701(b), 702.

the meaning of a relevant statute, is entitled to judicial
review thereof. An action in a court of the United States
seeking relief other than money damages and stating a claim
that an agency or an officer or employee thereof acted or
failed to act in an official capacity or under color of
legal authority shall not be dismissed nor relief therein
be denied on the ground that it is against the United
States or that the United States is an indispensable party.
The United States may be named as a defendant in any such
action, and a judgment or decree may be entered against the
United States: Provided, That any mandatory or injunctive
decree shall specify the Federal officer or officers (by
name or by title), and their successors in office,
personally responsible for compliance. . . .

5 U.S.C. § 702.

Plaintiffs have brought their action against a federal Agency;

therefore, this case is subject to the venue provisions set out in 28

U.S.C. § 1391(e). That statute provides :

A civil action in which a defendant is an officer or
employee of the United States or any agency thereof acting
in his official capacity or under color of legal authority,
or an agency of the United States, or the United States,
may, except as otherwise provided by law, be brought in any
judicial district in which (1) a defendant in the action
resides, (2) a substantial part of the events or omissions
giving rise to the claim occurred, or a substantial part of
property that is the subject of the action is situated, or
(3) the plaintiff resides if no real property is involved
in the action. Additional persons may be joined as parties
to any such action in accordance with the Federal Rules of
Civil Procedure and with such other venue requirements as
would be applicable if the United States or one of its
officers, employees, or agencies were not a party.

28 U.S.C. § 1391(e).

As discussed above, plaintiffs conduct their farming and cattle

business, from a family farm located in Burke and/or Richmond

Counties, Georgia. Therefore, plaintiffs reside in the Southern

District of Georgia. 28 U.S.C. § 90(c)(1). Furthermore, as

plaintiffs conduct their business in the Southern District of

Georgia, and their application was made and initially decided in the Southern District of Georgia, the vast majority, and a significant portion of the events or omissions giving rise to their claim occurred, and a substantial part (actually all) of property that is the subject of the action is situated within the Southern District of Georgia. Although the NAD has its offices in Macon, Georgia, within the Middle District of Georgia, Macon Division, the hearing officer did hold proceedings within the Northern District of Georgia, and witnesses were required to travel from the Southern District (plaintiffs) and the Middle District (Carey and Weldon). Additionally, the USDA is found within the Northern District of Georgia. Therefore, defendant must concede that venue would be appear appropriate in this district, even though the ties to the district are thin. See 28 U.S.C. § 1391(e)(1) and (2).

Since this case appears to present facts that would make venue available in all three judicial districts in Georgia, the more important question is whether the court should transfer venue to the Southern District as a more convenient forum.

### A.   The Court Has Broad Discretion To Transfer This Case Under 28 U.S.C. § 1404(a)

This Court has the authority under 28 U.S.C. § 1404(a) to transfer this case to the Southern District of Georgia. Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This provision "leaves much to the broad discretion of the

trial court." _Meterlogic, Inc. v. Copier Solutions, Inc._, 185 F. Supp.2d 1292, 1299 (S.D. Fla. 2002); _see_ _Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc._, 689 F.2d 982, 985 (11th Cir. 1982) (decision to transfer is "peculiarly one for the exercise of judgment by those in daily proximity to these delicate problems of trial litigation"). Courts should exercise the discretion to transfer "according to individualized, case-by-case consideration of convenience and fairness." _Stewart Organization v. Ricoh Corp._, 487 U.S. 22, 29 (1988), _quoting_ _Van Dusen v. Barrack_, 376 U.S. 612, 622 (1964); _Piper Aircraft v. Reyno_, 454 U.S. 235, 257, _reh'g denied_, 455 U.S. 928 (1982).

In deciding whether to transfer under 28 U.S.C. § 1404(a), courts in the Eleventh Circuit have followed this case-by-case approach. _See, e.g._, _Barnett v. Alabama_, 171 F. Supp. 2d 1292, 1294 (S.D. Ala. 2001); _Hutchens v. Bill Heard Chevrolet Co._, 928 F. Supp. 1089, 1090 (M.D. Ala. 1996). Courts should consider what districts would support venue, as well as the parties' convenience, convenience of witnesses, and the interests of justice. _Okongwu v. Reno_, 229 F.3d 1327 (11th Cir. 2000) (citing _Moore v. McKibbon Bros., Inc._, 41 F. Supp. 2d 1350, 1356 (N.D. Ga. 1998)); _Bell v. K Mart Corp._, 848 F. Supp. 996, 998 (N.D.Ga. 1994).

The Court's discretion is limited only by the requirement that the transfer must be to another "district or division where [the case] might have been brought." 28 U.S.C. § 1404(a). The Supreme Court has held that Section 1404(a) should be used to protect the public against unnecessary inconvenience and expense. _See_

Continental Grain Co. v. The FBL-585, 364 U.S. 19, 21 (1960). In addition, transfers under Section 1404(a) should ultimately prevent a waste of time, energy and money for both parties and the judiciary. See Van Dusen, 376 U.S. at 622.

Although a plaintiff's choice of forum is accorded weight,[4] "where the forum selected by the plaintiff is not connected with the parties or the subject matter of the lawsuit, it is generally less difficult than otherwise for the defendant, seeking a change of venue, 'to meet the burden of showing sufficient inconvenience to tip the balance of convenience strongly in the defendant's favor.'" Prather v. Raymond Constr. Co., 570 F. Supp. 278, 284 (N.D. Ga. 1983); accord, Hutchens v. Bill Heard Chevrolet Co., 928 F. Supp. 1089, 1091 (M.D. Ala.1996); see also Comptroller of Currency v. Calhoun First Nat. Bank, 626 F. Supp. 137, 140 n.9 (D.D.C. 1985) (suggesting plaintiff's choice "no longer entitled to a great deal of weight [], particularly when there is an insubstantial factual nexus with the plaintiff's choice"). A defendant's burden in demonstrating that transfer is proper is "substantially diminished where, as here, transfer is sought to the forum where plaintiffs reside . . . and the connection between plaintiffs, the controversy and the chosen forum is attenuated." Citizen Advocates for Responsible Expansion, Inc. v. Dole, 561 F. Supp. 1238, 1239 (D.D.C. 1983) ("C.A.R.E.").

---

[4]    See, e.g., Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996). But see Mason v. Smithkline Beecham Clinical Laboratories, 146 F. Supp. 2d 1355, 1360 (S.D. Fla. 2001) ("[A] plaintiff's choice of forum is entitled to less consideration where the operative facts underlying the cause of action did not occur within the forum chosen by the plaintiff.")

**B. Venue Should be Transferred to Southern District**

The factors to be considered when evaluating convenience and the interests of justice can generally be described as falling into two groups: (1) the private interests of the parties, and; (2) the public interests of the court. See Trout Unlimited, 944 F.Supp. at 16. Among the private interest considerations are:

> (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses of the plaintiff and defendant...and (6) the ease of access to sources of proof.

Id. Factors to be considered relating to the public interests of the court include: (1) the transferor court's familiarity with the governing laws of the transferee court; (2) issues of congestion of the calendars of the transferor and transferee courts; (3) the local interest of deciding local controversies, and; (4) the potential transferee court's familiarity with the legal and factual issues in the case. Trout Unlimited, 944 F.Supp. at 16; Armco Steel Co. v. CSX Corp., 790 F.Supp. 311, 324 n.15 (D.D.C. 1991).

**1. Southern District Is a Proper Forum**

The only limitation on the Court's discretion to transfer a case under 28 U.S.C. § 1404(a) is the requirement that the new forum be a "district or division where [the case] might have been brought." Id.; see Nat'l Egg Co. v. Bank Leumi le-Israel B.M., 504 F. Supp. 305, 314 (N.D. Ga. 1980). Where the case "might have been brought" is determined by 28 U.S.C. § 1391(e). As previously discussed, it

appears that this case could have been brought in any district in Georgia, including the Southern District.

**2. Transfer Would Not Result In Prejudice Or Inconvenience**

"[T]he convenience of parties and witnesses" in this case also weighs in favor of transferring the severed actions to the districts where these controversies arose. See 28 U.S.C. § 1404(a); E. & J. Gallo Winery v. F & P S.p.A., 899 F. Supp. 465, 466 (E.D. Cal. 1994) (courts consider convenience of parties, convenience of witnesses, and interest of justice). First, this is an APA review case, which is generally decided on the administrative record. Plaintiffs do argue that the court should provide some level of de novo proceedings in this case, as to witness testimony. The witnesses involved in plaintiffs' appeal hearing are located either in the Middle District (Carey and Weldon) or the Southern District (all plaintiffs). Thus, based on the locations of the witnesses and plaintiffs, the Southern District would be the most convenient, while the Northern District of Georgia would be the least convenient.

**3. Public Interests Favor Transfer**

The court's order indicates that transfer to the Southern District of Georgia is a consideration. That court would clearly have more familiarity with the legal and factual issues in this case, as shown by the plaintiffs' prior case in the Southern District of Georgia in which they sued the local government that applied the sewage sludge to plaintiffs' land that plaintiffs now contend makes them eligible for DCP relief. (Def.'s Ex. 1). By contrast, the only

ties between this case, plaintiffs, and this forum are that plaintiffs' attorneys have an office in the district, their hearing was fortuitously arranged to be held in this district, and they chose to sue here, rather than in the Southern District, where they reside. While plaintiffs may prefer to have their case presented to a judge other than the one familiar with their case, such a desire does not present a sufficient interest to warrant deference to plaintiffs' choice of forum.

## CONCLUSION

For the foregoing reasons, Defendant contends that the Southern District of Georgia is a more convenient forum and that the Court, therefore, should transfer this case to that district.

Respectfully submitted this  18th  day of August, 2005.

Respectfully submitted,

DAVID E. NAHMIAS
UNITED STATES ATTORNEY


*s/ R. David Powell*
R. DAVID POWELL
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 586450
600 Richard Russell Building
75 Spring Street, SW
Atlanta, Georgia 30303
Voice:     (404) 581-6000
Facsimile: (404) 581-6150
Email: R.David.Powell@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

R. A. McELMURRAY, III, R. A. :
McELMURRAY, JR., RICHARD P. :
McELMURRAY, EARL D. McELMURRAY, :
                               :
      Plaintiffs,         :
                               : CIVIL ACTION
      v.                :
                               : NO. 1:05-CV-0010-RWS
UNITED STATES DEPARTMENT OF :
AGRICULTURE, :
                               :
      Defendant.        :

<u>CERTIFICATE OF COMPLIANCE</u>

    I certify that the documents to which this certificate is
attached have been prepared with one of the font and point selections
approved by the Court in LR 5.1B for documents prepared by computer.


                                <u>*s/ R. David Powell*</u>
                                R. DAVID POWELL
                                ASSISTANT U.S. ATTORNEY
                                Georgia Bar No. 586450

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF GEORGIA
                       ATLANTA DIVISION

R. A. McELMURRAY, III, R. A. :
McELMURRAY, JR., RICHARD P. :
McELMURRAY, EARL D. McELMURRAY, :
                               :
          Plaintiffs,          :
                               : CIVIL ACTION
          v.                   :
                               : NO. 1:05-CV-0010-RWS
UNITED STATES DEPARTMENT OF :
AGRICULTURE,                   :
                               :
          Defendant.           :
```

<u>CERTIFICATE OF SERVICE</u>

    I certify that I have this day electronically filed the foregoing MEMORANDUM IN RESPONSE TO COURT ORDER DIRECTING BRIEFING CONCERNING THE PROPER VENUE FOR THIS ACTION AND WHETHER THIS CASE SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF GEORGIA, with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney(s) of record:

              Francis Edwin Hallman, Jr.

   This __18th__ day of August, 2005.



                    *s/ R. David Powell*
                    R. DAVID POWELL
                    ASSISTANT U.S. ATTORNEY
                    Georgia Bar No. 586450