UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| R. A. McELMURRAY, III, | ) | |
| R. A. McELMURRAY, JR, | ) | |
| RICHARD P. McELMURRAY, | ) | |
| EARL D. McELMURRAY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. 1:05-CV-0010-CAP |
| UNITED STATES DEPARTMENT | ) | |
| OF AGRICULTURE, | ) | |
| | ) | |
| Defendant. | ) | |

## RESPONSE BRIEF IN SUPPORT OF CHOICE OF VENUE
## IN THE NORTHERN DISTRICT OF GEORGIA

COME NOW, Plaintiffs, R. A. McElmurray, III, R. A. McElmurray, Jr.,

Richard P. McElmurray, and Earl D. McElmurray through counsel and file this their

Response Brief in Support of Choice of Venue in the Northern District of Georgia, as

directed by this Court as follows:

## VENUE IS PROPER IN THIS DISTRICT

Please *see* Plaintiffs' Brief in Support of Choice of Venue in the Northern

District of Georgia, filed on August 18, 2005.

2404-002\RAW\Pleading\9399.wpd

As conceded by the Defendant in its submission, venue is proper in the United States District Court for the Northern District of Georgia because the events giving rise to this action took place in this District.  *See* 28 U.S.C.A. §§ 1391(e)(1) and (2). *See* Defendant's Memorandum p. 6.

### A.    The United States District Court for the Northern District of Georgia Is More Convenient for the Parties.

The arguments provided by the Defendant to support its position that the United States District Court for the Southern District of Georgia would be a more appropriate venue are: (1) that the Southern District would be more convenient; and (2) that transfer to the Southern District would protect the public against unnecessary inconvenience and expense. *See* Defendant's Memorandum p. 6, citing *Continental Grain Co. v. The FBL-585*, 364 U.S. 19 (1960).  Plaintiffs agree with the Defendant's reasoning, but not with the assertion that the Southern District is the appropriate venue.  Plaintiffs respectfully request that this Court consider the following factual analysis:

Defendant's only witnesses in the NAD Hearing, Tommy Weldon and Ronald Carey, both work in Athens, Georgia.  Athens is geographically closer to

Atlanta than Macon, Augusta, or Savannah.  Therefore, for the convenience of these government witnesses, the Northern District of Georgia would be more appropriate.

If witnesses are called from out of state, such as employees of the United States Environmental Protection Agency, it is highly likely that the witnesses will arrive via commercial airline.  Hartsfield-Jackson International Airport is in the Northern District, and is only a short train ride from the courthouse.  The Northern District would clearly be most convenient for any witnesses traveling by airline.

Also, because Plaintiffs' attorneys maintain their office in Atlanta, if this lawsuit is transferred to any other district, the Plaintiffs will incur significant additional costs, including travel expenses and the costs associated with transport of files and staff.  *See* 28 U.S.C.A. § 1404(a).

**B.      The Plaintiffs Have Voluntarily Chosen this Forum.**

Plaintiffs are the only parties to this action with a physical presence in the Southern District of Georgia and are, therefore, the parties who should be heard regarding the issue of venue.  Plaintiffs state to this Court that, given all of the locations of government offices and the convenience to their attorneys, Plaintiffs do not object to the venue in this matter being in this Court.  Plaintiffs respectfully

request that this Court grant them deference in their choice of this forum. *See* *Trout Unlimited v. U.S. Dept. of Agriculture*, 944 F. Supp. 13 (1996).

Plaintiffs in this action are prevented from using their lands to produce income because of the contamination thereon. Transferring this action to another forum would only serve to prolong any ruling on these issues, when this matter has already been protracted unnecessarily. Plaintiffs plead with this Court to retain jurisdiction so that the Plaintiffs may receive as prompt a resolution to this matter as possible.

### C.    The Public Interest Is Best Served by Maintaining this Action in the United States District Court for the Northern District of Georgia.

Defendant is the United States Government. Defendant is being represented by the United States Government through the United States Attorney in the Northern District of Georgia. Most of the potential witnesses, other than Plaintiffs themselves, are employees of the Unites States Government. Defendant's counsel, the United States Attorney, maintains an office in the very building in which this lawsuit was filed and in which this Court is located. If venue is transferred, the United States Attorney for the Northern District of Georgia is likely to transfer the case for handling to another United States Attorney, who will then ask for an extended delay while that

United States Attorney becomes familiar with this matter.  Such a circumstance will only prolong the resolution of this matter.

It is anticipated that any depositions, if allowed by the trial Court, will take place at the offices of the United States Attorney, or the offices of Plaintiffs' counsel, which are approximately one-half mile away from the Northern District Courthouse.  The Attorney in the Office of General Counsel for the Defendant is located in Atlanta.  All expenses incurred by the Defendant in this matter are being paid by the taxpayers of the United States.  In light of present fuel costs alone, clearly it would be in the public interest to maintain this lawsuit in the Northern District.  *See* 28 U.S.C.A. § 1404(a).

> **D.     This Lawsuit Totally Is Unrelated to the Lawsuit
> Previously Filed in the Southern District.**

Defendant has asserted that the Southern District is a more appropriate forum than the Northern because: "That court would clearly have more familiarity with the legal and factual issues in this case, as shown by plaintiffs' prior case in the Southern District of Georgia in which they sued the local government that applied the sewage sludge to plaintiffs' land that plaintiffs now contend makes them eligible for DCP relief."  *See* Defendant's Memorandum p. 8.  Defendant has not cited any law to support this argument.

Plaintiffs respectfully show this Court that the lawsuit filed by the Plaintiffs in the Southern District was based upon common law tort and contract claims, and certain statutory causes of action, namely violations of the United States Clean Water Act.[1]  That lawsuit was dismissed on August 22, 2000, five years ago, and the United States District Court directed that the case before it should be filed in the Superior Court of Richmond County.  The lawsuit that was filed in the United States District Court for the Southern District of Georgia is now stale, because of extensive additional discovery which occurred after the District Court relinquished jurisdiction, and is without probative value regarding the issue of venue.

The lawsuit before this Court is based upon judicial review pursuant to the Administrative Procedures Act, 5 U.S.C.A. § 701 *et seq.*, for actions taken pursuant to the regulations of the United States Department of Agriculture.  The prior

---

[1]    Plaintiffs show this Court that the previous lawsuit filed in the Southern District of Georgia was re-filed in the Superior Court of Richmond County, Georgia, where it was dismissed on summary judgment.  On July 27, 2005, the Georgia Court of Appeals determined that the Richmond County suit was wrongly dismissed, that there are substantial facts showing contamination of the Plaintiffs' lands, and that the issues of causation regarding the damages to Plaintiffs' lands and cattle are not subject to summary judgment.  *See McElmurray v. Augusta-Richmond County*, 2005 WL 1760377.

suit in the Southern District of Georgia had no nexus with the Northern District of Georgia whatsoever. The NAD hearing, which is the final decision of the Agency that the Plaintiffs are appealing, occurred in the Northern District of Georgia and the Defendant maintains a substantial presence in the Northern District of Georgia. Any judge in the Southern District of Georgia, however familiar with the previous lawsuit, would have to completely review the Administrative Record in this matter in its entirety to rule in this matter, in identical fashion to this Court. There is no advantage to sending this lawsuit to any other District Court for review and resolution.

The Plaintiffs and the public at large are best served by maintaining this action in the Northern District of Georgia.

## CONCLUSION

For all the above stated reasons, and as explained in Plaintiffs' Brief in Support of Choice of Venue in the Northern District of Georgia filed on August 18, 2005, Plaintiffs respectfully request that this Court retain jurisdiction in this matter and grant to them the relief which they have requested.

Respectfully submitted September 1, 2005.

*/s/ F. Edwin Hallman, Jr.*
F. EDWIN HALLMAN, JR.
State Bar of Georgia #319800
ehallman@dhbblaw.com


*/s/ Richard A. Wingate*
RICHARD A. WINGATE
State Bar of Georgia #770617
rwingate@dhbblaw.com

For DECKER, HALLMAN, BARBER & BRIGGS
Attorneys for Plaintiffs

260 Peachtree Street, N.W.
Suite 1700
Atlanta, Georgia 30303
(404) 522-1500

## CERTIFICATE OF COMPLIANCE WITH LR 5.1(C)

This is to certify that the foregoing Response Brief in Support of Choice

of Venue in the Northern District of Georgia was prepared using Times New Roman

14 point font in accordance with LR 5.1(C).

Respectfully submitted September 1, 2005.

/s/ F. Edwin Hallman, Jr.
F. EDWIN HALLMAN, JR.
State Bar of Georgia #319800
ehallman@dhbblaw.com

For DECKER, HALLMAN, BARBER & BRIGGS
Attorneys for Plaintiffs

260 Peachtree Street, N.W.
Suite 1700
Atlanta, Georgia 30303
(404) 522-1500

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| R. A. McELMURRAY, III, ) | |
| R. A. McELMURRAY, JR, ) | |
| RICHARD P. McELMURRAY, ) | |
| EARL D. McELMURRAY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | FILE NO. 1:05-CV-0010-CAP |
| UNITED STATES DEPARTMENT ) | |
| OF AGRICULTURE, ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

This is to certify that on September 1, 2005, I have electronically filed

the foregoing Plaintiffs' Response Brief in Support of Choice of Venue in the

Northern District of Georgia with the Clerk of Court using the CM/ECF system which

will automatically send email notification of such filing to the following attorney(s)

of record:

R. David Powell, Esq.

2404-002\RAW\Pleading\9399.wpd

_/s/ F. Edwin Hallman, Jr._
F. EDWIN HALLMAN, JR.
State Bar of Georgia #319800

For DECKER, HALLMAN, BARBER & BRIGGS
Attorneys for Plaintiffs

260 Peachtree Street, N.W.
Suite 1700
Atlanta, Georgia 30303
(404) 522-1500

2404-002\RAW\Pleading\9399.wpd